UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA LEE DOUGHERTY,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br><br>        Defendant. | CIVIL ACTION NO. 3:20-CV-00504<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Plaintiff Cynthia Lee Dougherty brings this action under sections 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3) (incorporating § 405(g) by reference), seeking judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On July 28, 2020, the parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 12). For the reasons set forth below, the Commissioner's decision will be **VACATED** and the case **REMANDED** for further consideration.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

In September 2016, Dougherty protectively filed an application for supplemental security income under Title XVI of the Social Security Act. (Doc. 14-2, at 20). Additionally, in October 2016, Dougherty filed an application for disability insurance benefits under Title II of the Social Security Act. (Doc. 14-2, at 20). In both applications, Dougherty alleged disability beginning February 23, 2015, due to panic, anxiety, nerve problems in her hands

and leg, left knee damage, and bone spurs in both ankles. (Doc. 14-2, at 20; Doc. 14-6, at 7). The Social Security Administration initially denied the applications in June 2017, prompting Dougherty's request for a hearing, which Administrative Law Judge (ALJ) Paula Garrety held on October 4, 2018. (Doc. 14-2, at 20; Doc. 14-2, at 41). In a written opinion dated December 4, 2018, the ALJ determined that Dougherty was not disabled from February 23, 2015, through the date of the decision and therefore not entitled to benefits under Title II or Title XVI. (Doc. 14-2, at 20-33). The Appeals Council subsequently denied Dougherty's request for review. (Doc. 14-2, at 2).

On March 30, 2020, Dougherty commenced the instant action. (Doc. 1). The Commissioner responded on September 17, 2020, providing the requisite transcripts from Dougherty's disability proceedings. (Doc. 13; Doc. 14). The parties then filed their respective briefs, with Dougherty raising five bases for reversal or remand. (Doc. 20; Doc. 21; Doc. 24).

II. **STANDARDS OF REVIEW**

To receive benefits under Titles II or XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 404.1505(a),

416.905(a).[1] Additionally, to be eligible to receive benefits under Title II of the Social Security Act, a claimant must be insured for disability insurance benefits. 42 U.S.C. § 423(a)(1)(a); 20 C.F.R. § 404.131.

### A. ADMINISTRATIVE REVIEW

The "Social Security Administration, working through ALJs, decides whether a claimant is disabled by following a now familiar five-step analysis." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 200-01 (3d Cir. 2019). The "burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security." *Hess*, 931 F.3d at 201; 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1). Thus, if the claimant establishes an inability to do past relevant work at step four, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform consistent with his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1).

### B. JUDICIAL REVIEW

The Court's review of a determination denying an application for benefits is limited "to considering whether the factual findings are supported by substantial evidence." *Katz v. Comm'r Soc. Sec.*, 798 F. App'x 734, 736 (3d Cir. 2019). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Substantial evidence is less than a

---

[1] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict created by such evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Dougherty was disabled, but whether the Commissioner's determination that Dougherty was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary). If "the ALJ's findings of fact . . . are supported by substantial evidence in the record," the Court is bound by those findings. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

III.   **THE ALJ'S DECISION**[2]

In her written decision, the ALJ determined that Dougherty "has not been under a disability, as defined in the Social Security Act, from February 23, 2015, through the date of this decision." (Doc. 14-2, at 33). The ALJ reached this conclusion after proceeding through the five-step sequential analysis provided by the Social Security Act. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

A.   STEP ONE

At step one of the five-step analysis, the ALJ must determine whether the claimant is engaging in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i), 416.920(a)(4)(i). If a claimant is engaging in SGA, the claimant is not disabled, regardless of age, education, or work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity requiring significant physical or mental activity and resulting in pay or profit. 20 C.F.R. §§ 404.1572, 416.972. In making this determination, the ALJ must consider only the earnings of the claimant. 20 C.F.R. §§ 404.1574, 416.974.

Here, the ALJ determined that "[Dougherty] has not engaged in [SGA] since February 23, 2015, the alleged onset date." (Doc. 14-2, at 22). Thus, the ALJ proceeded to step two.

B.   STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment – or a combination of impairments – that is severe and meets the 12-month duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an impairment or combination of impairments that

---

[2] At the outset, the ALJ determined that Dougherty met the insured status requirements of the Social Security Act through June 30, 2020. (Doc. 14-2, at 22).

- 5 -

significantly limits the claimant's "physical or mental ability to do basic work activities," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If, however, a claimant establishes a severe impairment or combination of impairments, the ALJ proceeds to consider step three.

Here, the ALJ found that Dougherty had eleven severe impairments: (1) lumbar degenerative disc disease, (2) cervical degenerative disc disease – status-post surgery, (3) scoliosis, (4) sacroiliac joint pain, (5) status-post knee surgery, (6) osteoarthritis of the left thumb, (7) bilateral carpal tunnel syndrome – status-post release, (8) eczema, (9) asthma, (10) anxiety, and (11) depression. (Doc. 14-2, at 23).

C.  STEP THREE

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. § Pt. 404, Subpt. P, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 404.1526, 416.920(a)(iii), 416.925, 416.926. The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairments meet a listing, then the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Here, the ALJ determined that none of Dougherty's impairments, considered individually or in combination, met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Doc. 14-2, at 23-26).

D. R<span>ESIDUAL</span> F<span>UNCTIONAL</span> C<span>APACITY</span>

Between steps three and four, the ALJ determines the claimant's residual functional capacity (RFC). At this intermediate step, the ALJ considers all of the claimant's symptoms and "the extent to which [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). This involves a two-step inquiry where the ALJ must (1) determine whether an underlying medically determinable mental impairment or impairments could reasonably be expected to produce the claimant's symptoms and, if so, (2) evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. *See* 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c).

After weighing Dougherty's written and oral statements against other evidence in the record, the ALJ found that Dougherty's impairments could reasonably be expected to cause the alleged symptoms, but that her statements about the intensity, persistence, and the limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record. (Doc. 14-2, at 27). The ALJ determined that Dougherty has the RFC "to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c)," with additional limitations to address her medical impairments:

> [Dougherty] is limited to no more than occasional postural changes; must avoid exposure to heights or hazards; must avoid exposure to extremes of cold or heat; must avoid exposure to vibrations; is limited to working in a clean environment free of pulmonary irritants, with no exposure to wet conditions or irritating chemicals; must avoid continuous bilateral hand movements (such as in keyboarding); must avoid work with detailed instructions; is limited to routine and repetitive tasks with no assembly line production work and few work changes; and could have interaction with coworkers and the public for no more than 20 % of the workday.

(Doc. 14-2, at 26).

E. STEP FOUR

Having assessed a claimant's RFC, step four requires the ALJ to determine whether the claimant had, during the relevant period, the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past relevant work is defined as work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b), 416.960(b). "If the claimant can perform his past relevant work despite his limitations, he is not disabled." *Hess*, 931 F.3d at 202 (citing 20 C.F.R. § 404.1520(a)(4)(iv)).

Here, after comparing Dougherty's RFC to the demands of Dougherty's past relevant work as a warehouse packer, a truck unloader, a front-line worker, machine feeder, and a kennel handler and attendant, the ALJ found, based on testimony adduced from a vocational expert at Dougherty's administrative hearing, that Dougherty was capable of performing her past relevant work as a folding machine feeder. Despite finding Dougherty capable of performing past relevant work, the ALJ still proceeded to analyze step five.

F. STEP FIVE

At step five, the ALJ considers the claimant's age, education, and work experience to determine whether the claimant can make the adjustment to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). These factors are not considered when evaluating a claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). A claimant who can adjust to other work is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

Here, considering Dougherty's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that

Dougherty can perform. (Doc. 14-2, at 32). In making this determination, the ALJ relied on the expertise of the vocational expert, who testified that Dougherty could perform the requirements of representative occupations, such as a bagger, an office helper, and a sorter. (Doc. 14-2, at 32). Given the foregoing analysis, the ALJ determined that Dougherty was not disabled and therefore denied her applications for benefits. (Doc. 14-2, at 33).

IV. **DISCUSSION**

Dougherty advances several arguments on appeal. She alleges that the ALJ erred by (1) omitting and failing to include a balanced discussion of the evidence; (2) assigning significant weight to the opinion of Dr. Ziba Monfared; (3) failing to account for any lumbar or cervical limitations; (4) failing to provide a proper evaluation of her subjective complaints; and (5) failing to determine whether the vocational expert's testimony was consistent with the Dictionary of Occupational Titles. (Doc. 20, at 20-21). In response, the Commissioner maintains that the ALJ's decision is supported by substantial evidence and is in accordance with the law and regulations. (Doc. 21).

For the reasons set forth below, the Commissioner's decision will be **VACATED** and the case will be **REMANDED** for further consideration.

    A. THE ALJ ERRED IN DISCOUNTING MR. DOUGHERTY'S FUNCTIONAL REPORT FOR THE SOLE REASON THAT HE IS NOT A MEDICAL PROFESSIONAL.

Dougherty's first allegation of error challenges the ALJ's consideration of the record evidence. (Doc. 20, at 21-22). Dougherty submits that the ALJ discounted the third-party statements of her husband, Charles Dougherty, without considering its corroboration by a neutral Social Security field office employee who received her application. (Doc. 20, at 21-22). Mr. Dougherty reported that due to his wife's medical impairments, she can no longer

stand for long periods of time; she has limited use of her knees, ankles, and hands; she can only walk for five minutes before needing to stop and rest; she experiences pain in her feet and left knee; and she experiences paresthesia in her legs and right arm. (Doc. 14-6, 15-19). As for her activities of daily living, Mr. Dougherty indicated that while his wife enjoys reading and nature rides, she can only cook light meals and perform household chores in short increments while taking many breaks to rest. (Doc. 14-6, at 15). Mr. Dougherty further stated that his wife's medical conditions affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, and use her hands. (Doc. 14-6, at 21).

The Commissioner argues that at multiple points in the decision, the ALJ stated that she carefully considered the entire medical record. (Doc. 21, at 14). Moreover, the Commissioner avers that Dougherty's argument on this score imposes an overly burdensome articulation requirement on the ALJ, as the Third Circuit does not require the ALJ to discuss in its opinion every tidbit of evidence included in the record. (Doc. 21, at 14-15). The Commissioner contends that the ALJ more than satisfied her duty to articulate her findings in a manner that permits meaningful judicial review in her decision. (Doc. 21, at 15).

In weighing Mr. Dougherty's statements, the ALJ concluded:

Although [Mr. Dougherty] is in the unique position to observe many of [Dougherty's] daily activities, the report provider is not a trained medical expert who has been schooled in making appropriate observation of signs and symptomatology, and, who has been taught to make dispassionate assessments. Accordingly, [Mr. Dougherty's] opinion has been considered and given only moderate weight. Nevertheless, to the extent that the observations opined herein are supported by the medical records, this report has been considered in the formulation of this decision.

(Doc. 14-2, at 29-30).

The Third Circuit Court of Appeals has consistently held that the ALJ's decision can be justified by substantial evidence only upon consideration of all the evidence of record. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). The ALJ cannot "pick and choose" the evidence upon which to decide a case, but must weigh all relevant, probative, and available evidence and provide some explanation for a rejection of probative evidence which would suggest a contrary disposition. *Adorno v. Shalala,* 40 F.3d 43, 48 (3d Cir. 1994); *Fargnoli v. Massanari*, 247 F.3d 24, 41-43 (3d Cir. 2001).

It is well-established that observations of third-party lay witnesses are valid evidence for an ALJ to consider in assessing a disability claim. *See Nofsker v. Saul*, 3:20-CV-00193, at *9-10 (M.D. Pa. Jan. 12, 2021); *see also Gleason v. Colvin*, 152 F. Supp. 3d 364, 393 (M.D. Pa. 2015). SSR 16-3p states:

> Other sources may provide information from which [adjudicators] may draw inferences and conclusions about an individual's statements that would be helpful to [adjudicators] in assessing the intensity, persistence, and limiting effects of symptoms. Examples of such sources include public and private agencies, other practitioners, educational personnel, non-medical sources such as family and friends, and agency personnel . . . The adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the [claimant's] statements about his or her symptoms as well as with all of the evidence in the file.

SSR 16-3p, 2017 WL 5180304 at *7; 20 C.F.R. § 1527(f)(1); 20 C.F.R. § 416.927(f)(1).

The ALJ assigned only moderate weight to Mr. Dougherty's third-party statements for the sole reason that he is not a trained medical expert. (Doc. 14-2, at 29). Consistent with SSR 16-3p, Mr. Dougherty's opinion was not intended to serve as an opinion from, in the words of the ALJ, "a trained medical expert who has been schooled in making appropriate observation[s] of signs and symptomatology." *See* (Doc. 14-2, at 29); SSR 16-3p, 2017 WL

5180304 at *7; 20 C.F.R. § 1527(f)(1); 20 C.F.R. § 416.927(f)(1). Rather, Mr. Dougherty's opinion was intended to serve as a personal observation of his wife. The ALJ should have measured how consistent his observations were with his wife's statements about her symptoms and the medical record as a whole. *See* SSR 16-3p, 2017 WL 5180304 at *7; 20 C.F.R. § 1527(f)(1); 20 C.F.R. § 416.927(f)(1). It was improper for the ALJ to discount Mr. Dougherty's non-medical opinion on grounds that he is not a medical expert. (Doc. 14-2, at 29); s*ee Richards v. Colvin*, 223 F. Supp. 3d 296, 306 (M.D. Pa. 2016) (holding that an ALJ cannot discount a lay witness's report solely because he or she is not a disinterested witness). Remand is necessary for consideration of this evidence and in what respect it is or is not consistent with the medical record. *See Richards*, 223 F. Supp. 3d at 306.

Because the Court has vacated and remanded the decision of the Commissioner for further consideration, the Court declines to address Dougherty's remaining arguments. "A remand may produce different results on these claims, making discussion of them moot." *Burns v. Colvin*, 156 F. Supp. 3d 579, 598 (M.D. Pa. 2016).

   I.   CONCLUSION

Based on the foregoing, the Commissioner's decision to deny Dougherty disability benefits is **VACATED** and the case is **REMANDED** to the Commissioner for further development of the record in keeping with the preceding discussion. The Clerk of Court is directed to **CLOSE** this case.

An appropriate Order will follow.

Dated: July 21, 2021                               *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **Chief United States Magistrate Judge**